**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-28189-DPG**

**ALBION BRAND FOUNDRY LTD,**

**Plaintiff,**

**v.**

**THE PARTNERSHIPS,**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

**Defendants.**

______________________________________/

**ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS**

**THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Motion for an Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion"). [ECF No. 9]. This is a federal trademark infringement and counterfeiting case in which Plaintiff alleges that Defendants, through e-commerce stores, are advertising, promoting, offering for sale, or selling goods bearing and/or using what Plaintiff has claimed are counterfeits and infringements of Plaintiff's registered trademark.

In the Motion, Plaintiff requests an order authorizing alternative service of process on the Defendants in this action "via email and via web publication." [ECF No. 9 at 2]. Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendants, who reportedly reside in or operate from The People's Republic of China ("China") and have established Internet-based businesses and utilize electronic means as reliable forms of contact. *Id.*; [ECF No. 9–1 ¶¶ 5–6].

Federal Rule of Civil Procedure Rule 4(h) outlines the proper means of service upon foreign corporations, including "at a place not within any judicial district of the United States, in

any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)". Fed. R. Civ. P. 4(h)(2). An alternative method of service under Rule 4(f)(3) is available without first attempting service by other means. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-cv-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

The Court finds that alternative service of process under Rule 4(f)(3) is warranted, and the means of service proposed by Plaintiff are acceptable. Although the United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), the Hague Convention does not specifically preclude service by e-mail and website posting. While China has declared that it opposes to the alternative means of service outlined in Article 10 of the Hague Convention, that objection, however, is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. *See* [ECF No. 9–1 ¶ 10]. Where a signatory nation to the Hague Convention has objected to an alternative means of service, that objection is limited to those specific means and does not represent an objection to other forms of service, such e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to one means of service under the Hague Convention "does not equate to an express objection" to other means

of service). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service if the signatory nation at issue has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Additionally, due process is not offended by the proposed methods of service. Defendants use at least one known and valid form of electronic contact, and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants, the address to which will be provided to Defendants' known e-mail accounts. Therefore, service via e-mail and website posting is "reasonably calculated, under all circumstances, to apprise . . . [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 9], is hereby **GRANTED**.

a. Plaintiff is permitted to serve the Summons, the Complaint, and all other future filings in this matter on Defendants by (i) providing Plaintiff's designated service notice website to the email addresses that the Defendants provided to Walmart when registering as merchants on Walmart's platform; and (ii) providing access to Plaintiff's designated service notice website: https://cloud.palmerlawgroup.com/index.php/s/W7Fklm0WfWOp1eC.

b. The third-party e-commerce platform, here, Walmart, Inc., shall, within two (2) business days of receipt of this Order, locate and provide any email addresses used

by Defendants to conduct business on the platform.

c. The case is **CLOSED** for administrative purposes pending service on Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of November, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**