**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-28189-DPG**

**ALBION BRAND FOUNDRY LTD,**

**Plaintiff,**

**v.**

**THE PARTNERSHIPS,**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

**Defendants.**

______________________________________/

**TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets ("Application"). [ECF No. 8]. The Court has carefully considered the Application for Temporary Restraining Order, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Application is **GRANTED**.

By the instant Application, Plaintiff moves *ex parte* pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C.§ 1651(a), and this Court's inherent authority, for entry of a temporary restraining order and an order restraining the financial accounts allegedly used by Defendants in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). Because Plaintiff has satisfied the requirements for the issuance of a temporary restraining order, the Court grants Plaintiff's Application for Temporary Restraining Order.

## I. FACTUAL BACKGROUND

The following factual background is taken from Plaintiff's Complaint, [ECF No. 1], the Application, and supporting evidentiary submissions and exhibits. Plaintiff is the owner of the federally registered trademark CCOCC ("CCOCC" mark) under U.S. Trademark Registration No. 6,314,523. *See* [ECF No. 8–1]; *see also* [ECF No. 8–3, Zhang Decl. ¶ 3]. The CCOCC mark is used in connection with decals, decorative stickers, writing implements, pens, drafting instruments, packing paper, stationery cases, and related products. *Id.*

Defendants, through internet-based e-commerce stores operating under their seller aliases identified on Schedule A, have advertised, promoted, offered for sale, or sold infringement products using the CCOCC mark. *See* [ECF No. 8–3, Zhang Decl. ¶¶ 9-12]. Based on the infringing evidence provided by Plaintiff, [ECF No. 8–4], "[e]ach Defendant directly target[s] business activities toward consumers in the United States, including Florida, through their fully interactive e-commerce platforms." *See* [ECF No. 8-3, Zhang Decl. ¶¶ 9–12]. Further, Plaintiff has "not licensed or authorized these Defendants to use the CCOCC mark, and none of the Defendants are authorized retailers of genuine CCOCC Products." *Id.* ¶ 13.

Further, counsel for Plaintiff has "reviewed the images and product description displayed on the websites, including the domain name, the product listing, the product information, and detailed seller information of each seller identified on Schedule A and has determined "that Defendants are promoting, advertising, offering for sale, and/or selling identical hair pin products using the CCOCC mark, without authorization, via Internet-based e-commerce stores operating under the seller names identified on Schedule A." *See* [ECF No. 8–2, Palmer Decl. ¶ 2]. Further, "[a]fter reviewing the infringing evidence," counsel for Plaintiff also believes that "it is apparent

that the activities of the sellers identified in Schedule A are consistent with the general patterns of online counterfeiting activities." *Id.* ¶ 4.

## II. LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). An *Ex Parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## III. DISCUSSION

The declarations Plaintiff submitted in support of its Application support the following conclusions of law. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of the CCOCC mark, and that the products Defendants are selling and promoting for sale are copies of the Plaintiff's products that bear and/or use copies of the CCOCC mark, and that the infringement of

the CCOCC mark, is likely to cause Plaintiff to suffer immediate and irreparable injury if a temporary restraining order is not granted.

The following specific facts, as set forth in Plaintiff's Complaint, Application, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

a. Defendants own or control e-commerce stores operating under their stores aliases which advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiff's rights;

b. There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's trademarks will appear in the future;

c. There is good cause to believe that if Plaintiff proceeds on notice to Defendants of this Motion for Temporary Restraining Order, Defendants can easily and quickly change the ownership or modify their e-commerce stores registration and account data and content, change payment accounts, redirect consumer traffic to other online stores, and transfer assets and ownership of the online stores, thereby thwarting Plaintiff's ability to obtain meaningful relief.

The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

The public interest favors issuance of the temporary restraining order to protect Plaintiff's trademark interests, to encourage respect for the law, to facilitate the invention and development

of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of the CCOCC mark. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.,* 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Straus*s & Co., 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp*., 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

Considering the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSIONS OF LAW

Accordingly, upon due consideration of Plaintiff's Complaint, Application, and supporting evidentiary submissions, it is hereby **ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiff's Application, [ECF No. 8], is **GRANTED**, under the terms set forth below:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all person acting for, with, by, through, under or in active concert with them are **TEMPORARILY ENJOINED AND RESTRAINED FROM**:

   a. using Plaintiff's CCOCC mark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CCOCC product or not authorized by Plaintiff to be sold in connection with Plaintiff's CCOCC mark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CCOCC product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's CCOCC mark;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing Plaintiff's CCOCC mark and/or damaging Plaintiff's goodwill;

   e. otherwise competing unfairly with Plaintiff in any manner; and/or

   f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized

by Plaintiff to be sold or offered for sale, and which bear Plaintiff's CCOCC trademark or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defendants and any person in active concert or participation with them who have actual notice of this Order shall be **TEMPORARILY RESTRAINED AND ENJOINED** from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3. Any third-party providers, including PayPal, Payoneer, and Walmart, Inc. shall, within two (2) business days of receipt of this Order, for any of Defendants or any of Defendants' Online Marketplace Accounts or websites:

   a. locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any financial accounts connected to the information listed in Schedule A attached hereto and any email addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of money or any other assets belonging to Defendants until further ordered by this Court.

4. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post bond in the amount of **$5,000.00** as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase in the interest of justice.

5. Any of Defendants subject to this Order may appear and move to dissolve or modify the Order on two-days' notice to Plaintiff or on shorter notice as set by this Court.

6. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7. This Order shall remain in effect for fourteen days from the date of this Order.

8. A hearing is set before this Court in the United States Courthouse located at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, Courtroom 11-1, Miami, Florida, on **Monday, December 7, 2026, at 2:30 p.m**., at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested Preliminary Injunction.

9. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, the Motion, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under their store aliases, or by providing a copy of this Order by e-mail to the registrar of record or marketplace website for each of the e-commerce stores so that the registrar and marketplace website, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, the Motion, and this Order, as well as all other documents filed in this action on the website located at https://cloud.palmerlawgroup.com/index.php/s/W7Fklm0WfWOp1eC and shall

provide the address to the website to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at https://cloud.palmerlawgroup.com/index.php/s/W7Fklm0WfWOp1eC, or by other means reasonably calculated to give notice which is permitted by the Court.

10. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the e-commerce stores and/or financial institutions, payment processors, banks, escrow services, and money transmitters, and marketplace platforms, including but not limited to, PayPal, Payoneer, and Walmart, Inc., and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective e-commerce stores.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of November, 2026, at 9:45 a.m.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

**SCHEDULE A DEFENDANTS**

| Def. # | Seller Aliases | Defendants' Store URLs |
|---|---|---|
| 1 | DONTGUO | https://www.walmart.com/global/seller/103148256 |
| 2 | Ocean Peak Mart | https://www.walmart.com/global/seller/103215839 |
| 3 | Forward Mart | https://www.walmart.com/global/seller/103212216 |
| 4 | Zhang li | https://www.walmart.com/global/seller/103245456 |
| 5 | Henan Mashang Network | https://www.walmart.com/global/seller/102776569 |
| 6 | Sunco Shop | https://www.walmart.com/global/seller/103210310 |
| 7 | Jindepen | https://www.walmart.com/global/seller/103158874 |
| 8 | AxisGoods | https://www.walmart.com/global/seller/103080657 |
| 9 | SenP | https://www.walmart.com/global/seller/103271473 |
| 10 | VILUlUDD | https://www.walmart.com/global/seller/102715906 |
| 11 | Louis Yan | https://www.walmart.com/global/seller/103247911 |
| 12 | driftbottle | https://www.walmart.com/global/seller/103143659 |